UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ROBERT SKIPPER** | **CIVIL ACTION NO. 19-0029** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Robert Skipper, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed the instant "Motion for Relief from a Final Judgment Under F.R.C.P. Rule 60" on approximately January 3, 2019.[1] [doc. # 1]. Skipper seeks to reinstate a proceeding previously before the Supreme Court of Louisiana. For reasons that follow, the motion should be dismissed.[2]

**Background**

Skipper moves to "re-open" a proceeding in which a court entered final judgment on December 5, 2017. [doc. # 1, p. 1]. Skipper does not, however, explicitly identify the proceeding he seeks to reinstate. That said, the only case, federal or state, in which he was involved and in which a court entered final judgment against him on December 5, 2017, is a Supreme Court of Louisiana post-conviction relief proceeding. On December 5, 2017, the Supreme Court of Louisiana denied Skipper's application for supervisory and/or remedial writs, opining:

> The application was not timely filed in the district court, and relator fails to carry his

---

[1] The Clerk of Court docketed the motion as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

[2] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

> burden to show that an exception applies. La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189. The application is also repetitive. La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the district court's written reasons denying relief.
>
> Relator has now fully litigated several applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.

*State ex rel. Skipper v. State*, 2016-1666 (La. 12/5/17), 231 So. 3d 25, 26.[3]

Skipper suggests that he was convicted of murder in 1973 and sentenced to life imprisonment at hard labor. [doc. # 1-2, pp. 2, 5]. He alleges that he initiated the Supreme Court of Louisiana proceeding described above to redress "equal protection and due process violations" in connection with his indictment. [doc. # 1, p. 1]. He claims that the indictment "failed to provide the necessary substance required for a prosecutor to provide jurisdiction to a grand jury" because it failed to state "with particularity each and every element of the crime charged . . . ." [doc. # 1-2, pp. 2-3]. According to Skipper, "the indictment 'only' states[,] 'murdered J.T. Crockett' . . . ." *Id.* at 4. Skipper also claims, impliedly, that the State did not meet its burden of proving that he committed the charged crime. *Id.* at 5.

Skipper "prays that after due and proper consideration of the merits herein, [he] be granted relief and that his case be re-opened to challenge the facts herein contested." *Id.*

## Law and Analysis

---

[3] The Supreme Court of Louisiana's language corresponds to Skipper's version of the opinion he seeks to reinstate. [doc. # 1, p. 1].

2

The Court lacks subject matter jurisdiction. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to entertain collateral attacks on a state court judgment, "even if it is alleged that the state court's actions were unconstitutional." *Hultberg v. Louisiana*, 163 F.3d 1356 (5th Cir. 1998); see *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (internal quotation marks and quoted sources omitted). "[A] federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify, or nullify a final order of a state court." *Kimball v. The Fla. Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980). The United States Supreme Court is the only federal court permitted to review state court decisions. 28 U.S.C. § 1257(a).

The *Rooker-Feldman* doctrine applies when four factors are satisfied: "'(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment.'" *Burciaga*, 871 F.3d at 384 (quoting *Houston v. Venneta Queen*, 606 Fed. App'x. 725, 730 (5th Cir. 2015)). "The doctrine applies only to 'final judgment[s] rendered by a state's court of last resort." *Id.* (quoting *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012)). "In addition to the precise claims presented to the state court, *Rooker–Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision." *Id.* (quoting *Feldman*, 460 U.S. at 486-87). "[C]laims presented to a federal district court are inextricably intertwined with a state court's judgment when 'the District Court is in essence being called upon to review the state court decision.'" *Moore v. Texas Court of*

*Criminal Appeals*, 561 F. App'x 427, 430-31 (5th Cir. 2014) (quoting *Feldman*, 460 U.S. at n. 16)).

Here, Skipper lost in state court, alleges harm (i.e. continued incarceration) caused by the judgment of a state court of last resort which was rendered before this proceeding began, and, by seeking to reinstate or "re-open" the state-court proceeding, essentially requests review and reversal of the state-court judgment and raises claims inextricably intertwined with the claims presented to the state court. Accordingly, this Court lacks subject matter jurisdiction, and Skipper's motion should be denied.[4] Skipper's recourse lies in a petition for writ of certiorari before the United States Supreme Court.[5] See 28 U.S.C. § 1257.

To the extent Skipper seeks to challenge the validity of his conviction and sentence and to raise the same claims that he presented to the Supreme Court of Louisiana, he should file a

---

[4] See *Moore*, 561 Fed. App'x. at 431 (applying the *Rooker-Feldman* doctrine and finding a lack of jurisdiction over a Section 1983 suit alleging that the defendants failed to fairly and impartially review the plaintiff's state habeas petition); *Allen v. Nelms*, 174 F. App'x 823, 824 (5th Cir. 2006) (finding, where a plaintiff raised claims relating to his state court habeas proceedings, that the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine); *Hill v. Texas*, 2014 WL 5013729, at *2 (N.D. Tex. Oct. 7, 2014) (finding, where the plaintiff asserted that state courts "denied him full review of his state habeas claims[,]" that his requests for declaratory and injunctive relief were essentially attacks on the judgment of the state courts, that his allegations required the court to evaluate the state courts' findings and orders, and that, under the *Rooker-Feldman* doctrine, the court lacked subject matter jurisdiction; *Holleman v. Quarterman*, 2007 WL 4468651, at *2 (N.D. Tex. Dec. 19, 2007) (applying the *Rooker-Feldman* doctrine and dismissing a Rule 60(b) motion after finding that the motion was "a collateral attack on a final state court decision dismissing [the movant's] last state post-conviction application."); *Garcia v. Fitzsimmons*, 2015 WL 6688820, at *2 (N.D. Tex. July 23, 2015), report and recommendation adopted, 2015 WL 6688934 (N.D. Tex. Oct. 30, 2015).

[5] Even assuming this Court had subject matter jurisdiction, Skipper's motion is untimely. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). Skipper filed the instant motion on approximately January 3, 2019, which was over one year, and not within a reasonable time, after the Supreme Court of Louisiana rendered judgment on December 5, 2017, in the proceeding Skipper seeks to reinstate.

new proceeding, under 28 U.S.C. § 2254, utilizing the Court's Petition for Writ of Habeas Corpus form.[6] See *Preiser*, 411 U.S. at 93 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Skipper should be aware, however, that a petition for writ of habeas corpus would likely be subject to dismissal as time barred under 28 U.S.C. § 2244(d), given that he was convicted in 1973. Any future petition is, in addition, likely subject to dismissal as a second or successive petition given that Skipper already filed three federal habeas corpus petitions relating to the conviction and sentence he references here. In *Skipper v. Warden Louisiana State Penitentiary*, No. 89-cv-1012 (W.D. La. 1989), Skipper filed a third habeas petition challenging his 1973 murder conviction and life sentence.[7] There, this Court dismissed Skipper's petition as an abuse of the writ. *Id.*

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Robert Skipper's "Motion for Relief from a Final Judgment Under F.R.C.P. Rule 60," [doc. # 1], be **DENIED and**

---

[6] Skipper seeks only to reinstate the Supreme Court of Louisiana proceeding; he does not appear to seek release from custody or to challenge a judgment that resulted in his confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see also *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (recognizing the adoption of the following "bright-line" rule: "If a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit.") (internal formatting, quotations, and quoted source omitted). Here, Skipper's motion does not sound in habeas corpus.

[7] The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

**DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and that this proceeding be **CLOSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 3rd day of April, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE